UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**CORNELIUS LORENZO WILSON (#356241)**            CIVIL ACTION

**VERSUS**

**CARL DABADIE, JR., ET AL.**            NO. 17-0578-SDD-EWD

### O R D E R

Before the Court is Plaintiff's Motion for Preliminary Injunction and/or Protective Order.[1]

*Pro se* Plaintiff, a prisoner currently confined at the Elayn Hunt Correctional Center, St. Gabriel, Louisiana, commenced this proceeding by filing a lengthy hand-written Complaint that invokes his constitutional civil rights pursuant to 42 U.S.C. § 1983. Plaintiff complained therein regarding alleged irregularities in the proceedings leading up to his arrest, trial and conviction on narcotics charges in the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana. Plaintiff has named as Defendants herein supervisory officials and investigating officers employed by the East Baton Rouge Police Department and East Baton Rouge Sheriff's Office, a witness who presented testimony at Plaintiff's trial, the District Attorney and Assistant District Attorney involved in Plaintiff's trial, the District Judge who presided over Plaintiff's case, the defense attorney who represented Plaintiff during the course of the proceedings, and the City of Baton Rouge/Parish of East Baton Rouge, all of whom allegedly acted improperly

---

1     Rec. Doc. 6.

in connection with Plaintiff's criminal proceedings. Plaintiff asserts that his conviction and sentence are currently on appeal.

In the instant Motion for Injunctive Relief, Plaintiff asserts that all of the named Defendants have conspired against him in connection with his criminal proceedings and that, because of "their lawless past events that display a web of deprivations of rights," they should be ordered to refrain from "all further dealings" with Plaintiff and should recuse themselves from this an any other proceedings involving Plaintiff.

Plaintiff is not entitled to the relief requested. In order to obtain injunctive relief, Plaintiff must demonstrate "(1) a substantial likelihood that he will prevail on the merits, (2) a substantial threat that he will suffer irreparable harm if the injunction is not granted, (3) his threatened injury outweighs the threatened harm to the party whom he seeks to enjoin, and (4) granting the preliminary injunction will not disserve the public interest."[2] "[A] preliminary injunction is an extraordinary remedy which should not be granted unless the party seeking it has 'clearly carried the burden of persuasion' on all four requirements."[3]

On the record before the Court, Plaintiff has not shown that he is entitled to the relief requested. His assertions are entirely conclusory, are not supported by any evidentiary corroboration, and do not suggest that he faces an imminent threat of irreparable injury if injunctive relief is not granted. Inasmuch as Plaintiff has apparently been convicted and sentenced and is awaiting the results of appellate proceedings, the Court is unable to discern in what manner the named Defendants, who are principally

---

2     *Lake Charles Diesel, Inc. v. General Motors Corp.*, 328 F.3d 192, 196 (5th Cir. 2003).
3     *Id.* at 196.

alleged to have been involved in the initial criminal investigation leading to arrest and in the lower district court proceedings, are in a position to cause Plaintiff irreparable harm.

Accordingly, the Court concludes that Plaintiff has not made out a showing of entitlement to injunctive relief. Therefore,

**IT IS ORDERED** that Plaintiff's Motion for Preliminary Injunction and/or Protective Order[4] is hereby **DENIED**.

Baton Rouge, Louisiana, this _1ST_ day of August, 2018.

*Shelly D. Dick*
SHELLY D. DICK, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

---

4  R. Doc. 6.