## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**CORNELIUS LORENZO WILSON (#356241)**　　　**CIVIL ACTION NO.**

**VERSUS**　　　**17-578-SDD-EWD**

**CARL DABADIE, JR., ET AL.**

### NOTICE

　　Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

　　In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

　　ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

　　Signed in Baton Rouge, Louisiana, on October 8, 2019.

　　　　　　　　　　　　　　　　　　　　　　　*Erin Wilder-Doomes*
　　　　　　　　　　　　　　　　　　　　　　**ERIN WILDER-DOOMES**
　　　　　　　　　　　　　　　　　　　　　　**UNITED STATES MAGISTRATE JUDGE**

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**CORNELIUS LORENZO WILSON (#356241)**     **CIVIL ACTION NO.**

**VERSUS**                                                                **17-578-SDD-EWD**

**CARL DABADIE, JR., ET AL.**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

*Pro se* plaintiff, Cornelius Lorenzo Wilson ("Plaintiff"), an inmate incarcerated at the Elayn Hunt Correctional Center ("EHCC"), St. Gabriel, Louisiana, filed this proceeding pursuant to 42 U.S.C. § 1983 against Carl Dabadie, Jr., Harold Williams, Jeffrey Pittman, Drew White, Charles Karras, Jr., Ferring Barton, Dennis Grimes, Hillar C. Moore, III, Anthoney Marabella, Dana Cummings, Randy Trellis, Unknown Defendants, and the City of Baton Rouge/Parish of East Baton Rouge, complaining that his constitutional rights were violated before and during a state criminal proceeding.

Pursuant to 28 U.S.C. §§ 1915(e) and 1915A, this Court is authorized to dismiss an action or claim brought by a prisoner who is asserting a claim against a governmental entity or an officer or employee of a governmental entity if the Court is satisfied that the action or claim is frivolous, malicious, or fails to state a claim upon which relief may be granted. The statutes impose similar standards and permit dismissal at any time if the court determines that the action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief.[1] Both statutes are intended to afford the court the

---

[1] *See* 28 U.S.C. § 1915(e)(2) and *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986). Additionally, § 1915(e) provides a procedural mechanism for dismissal of those lawsuits that are frivolous, malicious, or fail to state a claim in only those proceedings where the plaintiff was granted leave to proceed *in forma pauperis*; § 1915A provides a procedural mechanism for dismissal of lawsuits that are frivolous, malicious, or fail to state a claim upon which relief may be granted regardless of the pauper status of the plaintiff.

ability to separate those claims that may have merit from those that lack a basis in law or in fact. The ability of a court to dismiss an action as frivolous or malicious under 28 U.S.C. § 1915A is not dependent on the prisoner plaintiff proceeding as a pauper, and the fact that Plaintiff is not proceeding as a pauper in this action does not prevent the dismissal of his action as frivolous or malicious.[2]

Repetitious litigation of virtually identical causes of action is also subject to dismissal. . . as malicious.[3] It is proper to dismiss an action on the basis that it is malicious and frivolous if it duplicates claims raised by the same plaintiff in previous or pending litigation.[4]

In the instant matter, Plaintiff alleges that events leading to, and surrounding, his arrest in August 2012 were unconstitutional and that his state criminal trial for this arrest was unfair due to various acts by the defendants. Plaintiff's claims in the instant matter are duplicative. Plaintiff previously filed complaints in *Wilson v. Williams, et al.*, Civil Action No. 14-cv-582-SDD-SCR (M.D. La.) and *Wilson v. Moore, et al.*, Civil Action No. 15-cv-52-SDD-RLB (M.D. La.) regarding the same series of events and many of the same facts as the instant matter. The claims in those cases arise from a common nucleus of operative facts, namely, the arrest occurring in August 2012 and the events surround Plaintiff's arrest and prosecution. Those cases were dismissed as frivolous.[5] Moreover, Plaintiff has recently filed a fourth suit, after the filing of the instant matter,

---

[2] *See Scroggins v. Stokes*, Civil Action No. 15-cv-2711, 2016 WL 1170097, at *1 (W.D. La. Jan. 6, 2016) ("Both § 1915(e)(2)(B) and § 1915A provide for *sua sponte* dismissal of the complaint,, or any portion thereof, if the Court finds it frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.").
[3] *See Bailey v. Johnson,* 846 F.2d 1019, 1021 (5th Cir.1988) (*per curiam*). *See also Milton v. Gusman*, Civil Action No. 10-cv-3309, 2010 WL 5376459 (E.D. La. Oct. 6, 2010) ("It has long been resolved that repetitious litigation raising the same cause of action as a previous or pending lawsuit is subject to dismissal under § 1915(e)(2)(B) and § 1915A as malicious.").
[4] *See Roberson v. Breen*, 444 F.App'x. 841, 842 (5th Cir. 2011).
[5] *Wilson v. Williams, et al.*, Civil Action No. 14-cv-582-SDD-SCR (M.D. La.) at R. Doc. 14 and *Wilson v. Moore, et al.*, Civil Action No. 15-cv-52-SDD-RLB (M.D. La.) at R. Doc. 19.

2

*Wilson v. Marabella, et al.*, Civil Action No. 19-cv-128-SDD-RLB (M.D. La.), in which Plaintiff again complains of substantially the same series of events.[6]

Notwithstanding Plaintiff attempts to add new defendants in this case, his claims remain malicious because they arise out of a common nucleus of operative facts such that they could have been brought in the prior litigation.[7] As such, Plaintiff's claims herein should be dismissed as frivolous and malicious.[8]

## RECOMMENDATION

**IT IS RECOMMENDED** that Plaintiff's action be **DISMISSED, WITH PREJUDICE**, as legally frivolous and malicious pursuant to 28 U.S.C. § 1915A.[9]

**IT IS FURTHER RECOMMENDED** that, if this recommendation is adopted, Plaintiff's pending Motion[10] be **DENIED AS MOOT**.

Signed in Baton Rouge, Louisiana, on October 8, 2019.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[6] Plaintiff has also tacitly admitted the similarities between the instant matter and *Wilson v. Williams, et al.*, Civil Action No. 14-cv-582-SDD-SCR (M.D. La.) and *Wilson v. Moore, et al.*, Civil Action No. 15-cv-52-SDD-EWD (M.D. La.) by filing a Notice wherein Plaintiff requested that those two cases, though dismissed as frivolous, be "added" to this matter as the "main case." (*See* R. Doc. 21).

[7] *See Pittman v. Moore,* 980 F.2d 994, 995 (5th Cir.1993) (a complaint is malicious when it "duplicates allegations of another pending federal lawsuit by the same plaintiff" or when it raises claims arising out of a common nucleus of operative facts that could have been brought in the prior litigation).

[8] As explained in *Wilson v. Moore, et al.*, Civil Action No. 15-cv-52-SDD-EWD (M.D. La.), a substantive review of Plaintiff's claims in the instant matter would fare no better due to judicial and prosecutorial immunity. (*See* R. Doc. 9). Further, all complaints regarding search and seizure in alleged violation of Plaintiff's Fourth Amendment rights would be barred by the doctrine of *Heck v. Humphrey*, 512 U.S. 477 (1994) and dismissed for failure to state a claim. *See Cougle v. County of DeSoto Miss.*, 303 F.App'x. 164 (5th Cir. 2008).

[9] 28 U.S.C. § 1915(g) provides that, "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [Proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." Since Plaintiff was not proceeding *in forma pauperis* in this action, and consequently, the action does not fall under the purview of 28 U.S.C. § 1915, the dismissal of this action does not count as a "strike" for purposes of 28 U.S.C. § 1915.

[10] R. Doc. 24.