## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **CORNELIUS LORENZO WILSON (#356241)** | **CIVIL ACTION NO.** |
| **VERSUS** | **17-578-SDD-EWD** |
| **CARL DABADIE, JR., ET AL.** | |

## RULING

This matter comes before the Court on three Motions seeking relief from judgment brought pursuant to Rule 60(b) of the Federal Rules of Civil Procedure[1] by Plaintiff Cornelius Lorenzo Wilson ("Wilson"). The Motions shall be denied.

Pursuant to Judgment dated November 5, 2019,[2] the above-captioned proceeding was dismissed as frivolous and malicious pursuant to 28 U.S.C. § 1915A because they were duplicative of prior litigation. The plaintiff did not take an appeal from that Judgment. On September 27, 2022, Wilson submitted the first Motion seeking relief.[3] Another followed on November 29, 2022, and on March 10, 2023, he filed the third Motion seeking relief from judgment.[4] Wilson seeks to re-open this proceeding and to have the Court reconsider the merits of his original claims.

Rule 60(b) provides that relief from a judgment or order may be had for (1) mistake, inadvertence, surprise, or excusable neglect, (2) newly discovered evidence, (3) fraud, misrepresentation or misconduct by an opposing party, (4) a void judgment, (5) a judgment that has already been satisfied, is no longer equitable, or has effectively been overturned, or (6) any other reason that justifies such relief.

---

[1] R. Docs. 34, 35, & 38.
[2] R. Docs. 25, 27, & 28.
[3] R. Doc. 34.
[4] R. Docs. 35 & 38.

Wilson alleges the Court should reopen these proceedings because new evidence has been discovered and asserts that fraud and misrepresentation warrant reopening the case for substantive consideration.[5] Wilson's reasons for relief fall squarely within the ambit of Rule 60(b)(2) & (3)—newly discovered evidence and fraud, misrepresentation, or misconduct by an opposing party. However, pursuant to Rule 60(c), "[a] motion under Rule 60(b) **must** be made within a reasonable time—and for reasons (1), (2), and (3) **no more than a year after the entry of the judgment**…."[6] The first Motion seeking relief from Judgment was filed on September 27, 2022, nearly three years after entry of the judgment dismissing this case.[7] Accordingly, Wilson cannot proceed under Rule 60(b)(2) or (3).

Further, to the extent that Plaintiff's pleading may be interpreted as seeking relief under the catch-all provision of Rule 60(b)(6), the motion fares no better. This provision allows a Court to vacate a judgment for "any other reason that justifies such relief" and provides a residual clause meant to cover unforeseen contingencies and to accomplish justice in exceptional circumstances.[8] The relief afforded by Rule 60(b)(6) is meant to be extraordinary relief, and it requires that the moving party make a showing of extraordinary circumstances justifying such relief.[9] First, since nearly three years passed between the entry of judgment and the filing of the first Motion seeking relief, the Motion was not filed

---

[5] R. Docs. 34, pp. 1-3; 35.
[6] Fed. R. Civ. P. 60(c) (emphasis added).
[7] R. Doc. 34. Although not docketed in this Court until November 29, 2022, the filing date for documents submitted by inmates is the date the filing was submitted to prison authorities. *See Cooper v. Brookshire*, 70 F.3d 377, 379-80 (5th Cir. 1995) (the prison mailbox rule generally applies to filings by inmates and uses the date the filing was submitted to prison authorities for filing as the filing date, rather than the date the document was ultimately filed with the court); *Vicks v. Griffin*, 07-5471, 2008 WL 553186, at *3 (E.D. La. Feb. 28, 2008). This is the first Motion currently pending. On November 26, 2019, Wilson did file another Motion seeking relief from judgment, but that was denied over three years ago on December 5, 2019. R. Docs. 30 & 31.
[8] *Steverson v. GlobalSantaFe Corp.*, 508 F.3d 300, 303 (5th Cir. 2007).
[9] *Hess v. Cockrell*, 281 F.3d 212, 216, (5th Cir. 2002).

within a "reasonable time."  Further, relief under Rule 60(b)(6) is unavailable because "[r]elief under subsection (6) is not available to a movant where…the relief sought would have been, if not for the Rule's time limits, within the coverage of another of the subsections of the Rule."[10]  Though Wilson couches his reasons for relief as "extraordinary" under Rule 60(b)(6), he does so because of the nature of the new evidence and misrepresentations previously made, which clearly fall under Rule 60(b)(2) & (3).[11]  Because Wilson's allegations fall within the coverage of Rule 60(b)(2) & (3), relief under Rule 60(b)(6) is not available.[12]  Thus, Wilson's Motions are time-barred; therefore,

**IT IS ORDERED** that the Motions seeking relief from judgment pursuant to Rule 60(b) filed by Cornelius Lorenzo Wilson[13] are **DENIED**.

Signed in Baton Rouge, Louisiana on March 16, 2023.

_____
**CHIEF JUDGE SHELLY D. DICK
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**

---

[10] *See Wilson v. Johns-Manville Sales Corp.*, 873 F.2d 869, 872 (5th Cir. 1989) (internal quotation marks and citations omitted).
[11] *See* R. Docs. 34 & 35.
[12] *Wilson*, 873 F.2d at 872.
[13] R. Docs. 34, 35, & 38.